Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
Westgate Law
16444 Paramount Blvd, Suite 205
Paramount, CA 90723
Tel: (818) 200-1497
Fax: (818) 574-6022
Attorneys for Plaintiff,
ROSA FLORES

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ROSA FLORES<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITIBANK, N.A.,<br><br>　　　　Defendant. | Case No.: 2:19-cv-791<br><br>**COMPLAINT**<br><br>1. **Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227**<br>2. **Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788** |

ROSA FLORES (Plaintiff), by her attorneys, WESTGATE LAW, alleges the following against CITIBANK, N.A. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant arises pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and this Court maintains supplemental jurisdiction over the state law claims alleged herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

7. Defendant is a business entity with a principal place of business in South Jordan, Utah. Defendant regularly, on behalf of itself or others, engages in debt collection.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In 2018, and specifically within one (1) year prior to the commencement of the present action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing.

10. Plaintiff's alleged debt arises from transactions for personal, family, and

household purposes made on consumer credit accounts issued by Defendant.

11. In 2018, and specifically within one (1) year prior to the commencement of the present action, Defendant constantly and continuously placed collection calls to Plaintiff at Plaintiff's cellular telephone number ending in 4030 with the intent to harass Plaintiff into paying an alleged debt.

12. Defendant placed collection calls from numbers including, but not limited to, (816) 420-4632.

13. On August 16, 2018 at 6:47 am, Defendant placed a collection call to Plaintiff from phone number (816) 420-4632.

14. In the course of the collection call on August 16, 2018, Plaintiff spoke with Defendant's female representative and requested that Defendant cease placing any further calls.

15. Despite Plaintiff's request to cease calling, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances by placing multiple calls per day to Plaintiff on a daily basis.

16. Upon information and belief, Plaintiff alleged that Defendant placed approximately one hundred and thirty-five (135) autodialed collection calls to Plaintiff's cellular telephone despite Plaintiff's request to cease.

17. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

18. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

19. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

20. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

21. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff on multiple occasions.

22. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

23. Defendant is not a tax exempt nonprofit organization.

24. Defendant's violation of the TCPA was willful because Defendant continued to place repeated and continuous phone calls to Plaintiff despite Plaintiff's clear requests to cease.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following

   (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   (b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788)**

29. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

30. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

   c. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(c) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(d) Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b); and

(e) Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

(f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(g) For such other and further relief as the Court may deem just and proper.

Date: February 1, 2019          RESPECTFULLY SUBMITTED,

                                By: /s/ Matthew A. Rosenthal
                                    Matthew A. Rosenthal
                                    Attorney for Plaintiff,
                                    ROSA FLORES